FILED

98 NOV 19 PM 2:21

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 19 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERRICK FOSTER,          }
                         }
    Plaintiff            }
                         }
vs.                      }   CIVIL ACTION NO.
                         }
                         }   98-AR-2481-S
GRADY'S, INC., ET AL.,   }
                         }
    Defendants           }

## MEMORANDUM OPINION

Presently before the court are three motions to dismiss filed by the four defendants in the above-entitled action. Defendant Michael Quinn ("Quinn") presents a motion to dismiss Counts I, IV, and V of the complaint filed by plaintiff Derrick Foster ("Foster"). Defendant Chris Brenner ("Brenner") presents an identical motion. Defendants Grady's, Inc. ("Grady's") and Quality Dining, Inc. ("Quality Dining") present a joint motion to dismiss Counts III, IV, and V of Foster's complaint. For the reasons set forth herein, each of these motions is due to be GRANTED.

The following is a fair rendition of the pertinent facts as alleged in the complaint. Foster is a black male residing in Jefferson County, Alabama. He was hired as a "line cook" at Grady's on April 3, 1996. At the time, Quinn served as a supervisor for the Grady's location where Foster worked. Brenner was general manager of that location. On August 17, 1996, Foster was involved in an altercation with Quinn, who was off duty at the time. Foster was discharged shortly thereafter. Foster filed a charge of discrimination with the EEOC on August 22, 1996. Foster claims that Quinn and Brenner

subjected him to a racially hostile work environment throughout his employment despite Foster's complaints to Brenner about the harassment. Foster further asserts that he was terminated in retaliation for opposing racially discriminatory behavior.

All four defendants have filed answers. They move to dismiss various counts of Foster's complaint. Because the motions seek to dismiss some of the same counts, this opinion will address the counts in sequential order rather than addressing each defendant's motion separately.

### Count I

Defendants Quinn and Brenner both seek to dismiss Count I of Foster's complaint. Count I "seeks damages and other relief from Grady's and Quinn" for alleged violations of Title VII. The Eleventh Circuit does not allow suits against individual employees acting as their employer's agents. *Cabannis v. Coosa Valley Med. Cntr.*, 1995 WL 241937 (N.D. Ala. 1995), *aff'd*, 116 F.3d 491 (11th Cir. 1997), *reh'g denied*, 120 F.3d 276; *Busby v. City of Orlando*, 931 F.2d 765, 772 (11th Cir. 1991). To the extent that Quinn's motion seeks to dismiss Foster's claim against him for violations of Title VII, the motion is due to be granted and the count dismissed. To the extent that Brenner's motion seeks to dismiss Foster's Title VII claim, the motion is moot since Count I only seeks relief against Grady's and Quinn.[1]

---

[1] Count I does allege certain acts of discriminatory behavior on the part of Brenner, but does not appear to seek relief against him (". . . seeks relief against Grady's and Quinn"). The court notes that any Title VII claim against Brenner in his individual capacity would receive the same treatment as Foster's claim against Quinn and would be dismissed.

2

## Count III

Defendants Grady's and Quality Dining move to dismiss Count III of Foster's complaint in which Foster alleges that Grady's fraudulently represented, through its general policies, to Foster that he would be provided due process, an opportunity to be heard, and a fair hearing regarding any disciplinary matter. Foster claims that the representation was false at the time that it was made, that Grady's knew of the falsity or acted in reckless disregard of the truth, and that Grady's intended for Foster to rely on the representation to his detriment. Foster's fraud claim does not meet the pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires the pleading to "show the time, the place, and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." *Phillips Colleges of Alabama, Inc. v. Lester*, 622 So.2d 308 (Ala. 1993) (citations omitted); *see also Cooper v. Blue Cross & Blue Shield of Florida, Inc.*, 19 F.3d 562 (11th Cir. 1994). To the extent that the motion filed by Grady's and Quality Dining seeks to dismiss Count III for failure to plead fraud with particularity, the motion is due to be granted and the count dismissed.

## Count IV

All defendants have moved to dismiss Count IV of Foster's complaint, which avers that Grady's, Quinn, Brenner, and other employees covertly conspired to defraud Foster. The complaint specifically states that all employees were acting in the line and scope of their employment, thus making them agents of Grady's. Because a corporation can only act through its agents, any acts of conspiracy engaged in by Quinn, Brenner, or any other employee are acts of Grady's

3

itself. *Phillips v. Amoco Oil Co.*, 614 F. Supp. 694, 703 (N.D. Ala. 1985) (citing *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952); *Tuskeegee Institute v. May Refrigeration Co., Inc.*, 328 So.2d 598, 602 (Ala. 1976)). Alabama law requires a combination of two or more persons or entities to have a conspiracy. *Phillips*, 614 F. Supp. at 703; *Nelson Radio*, 200 F.2d at 914. A civil conspiracy to commit a tort cannot, therefore, exist between a corporation and its agents or employees since the acts of the corporation's agents are the acts of the corporation and a corporation cannot conspire with itself. *Phillips*, 614 F. Supp. at 614; *Nelson Radio*, 200 F.2d at 914; *Tuskeegee*, 328 So.2d at 602.[2] Furthermore, a claim of conspiracy to commit fraud requires the same particularity that a claim of fraud requires. A bare conclusory allegation of conspiracy is not enough. To the extent that the defendants' individual motions seek to dismiss Count IV of Foster's complaint, these motions are due to be granted and the count dismissed.

## Count V

All defendants also move to dismiss Count V of Foster's complaint, which alleges that all defendants engaged in a conspiracy to tortiously interfere with Foster's contractual or business relationship with Grady's. The law is well settled in Alabama that an

---

[2] *But see Hoover v. Tuttle*, 611 So.2d 290, 294 (Ala. 1992) ("a corporation may be liable for damages to a third person resulting from a conspiracy where two or more of its agents participated in the conspiracy"); *Williams v. Marcum*, 519 So.2d 473 (Ala. 1987) (same); *see also United States v. Stevens*, 909 F.2d 431, 432-33 (11th Cir. 1990) (rejecting notion of "single-entity" defense to corporate conspiracy in criminal context); *United States v. Hartley*, 678 F.2d 961, 970-72 (rejecting notion of "single-entity" defense to corporate conspiracy in criminal context and criticizing *Nelson Radio*); *American Pioneer Life Ins. Co. v. Sandlin*, 470 So.2d 657, 665 (Ala. 1985) (questioning continued force of *Tuskeegee's* holding).

4

employer cannot be liable for tortious interference with a contract with its own employee. *Hickman v. Winston County Hosp. Bd.*, 508 So.2d 237, 238 (Ala. 1987) (citations omitted); *see also Wright v. Dothan Chrysler Plymouth Dodge*, 658 So.2d 428, 430 (Ala. 1995). To the extent that the motion of defendants Grady's and Quality Dining seeks to dismiss Count V, the motion is due to be granted and the count dismissed.

Defendants Quinn and Brenner also move, individually, to dismiss Count IV. Individual employees cannot be liable for tortious interference with a contractual relationship to which their employer is a party **unless** the employees, in interfering with the relationship, acted outside the scope of their employment and with actual malice. *Pegram v. Hebding*, 667 So.2d 696, 701 (Ala. 1995): *Hickman*, 508 So.2d at 239. Because the complaint specifically states that all defendants acted "in the line and scope of their employment," Quinn and Brenner cannot be liable for tortiously interfering with any relationship that may have existed between Foster and Grady's. To the extent that the motions of Quinn and Brenner seek to dismiss Count V, the motions are therefore due to be granted and the count dismissed.

An appropriate order granting the defendants' motions to dismiss and dismissing Counts I, III, IV, and V of plaintiff's complaint will be separately entered.

DONE this 19th day of November, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE